# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | § | | |
| | § | | |
| v. | § | A-19-CR-326 | (LY) |
| | § | | |
| VICTOR ARNOLD, | § | | |
| Defendant | § | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). The District Court referred this case to the United States Magistrate Judge for the taking of the defendant's felony guilty plea and for the defendant's allocution pursuant to Federal Rule of Criminal Procedure 11.

On May 5, 2020, the defendant and counsel appeared before the Magistrate Court. The undersigned addressed the defendant personally in open court, informed the defendant of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure, and determined that the defendant understood those admonishments.

**Pursuant to a plea agreement**, the defendant pled guilty to Count One of the Indictment which charged the defendant with Possession of Child Pornography (Enhanced) in violation of Title 18, United States Code §§ 2252A(a)(5)(B), 2252A(b)(2) and 2256(8)(A).

The Magistrate Judge finds the following:

1. The defendant, with the advice of the defendant's attorney, consented to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;

2. The defendant fully understands the nature of the charge to which the defendant pled and possible penalties;

3. The defendant understands the defendant's constitutional and statutory rights, that those constitutional and statutory rights can be waived, and the meaning and effect of waiving those constitutional and statutory rights;

4. The defendant waived the right to appeal except in a case in which the sentence imposed is greater than the maximum sentence authorized by statute. The defendant also waived the right to challenge the defendant's conviction or sentence under 28 U.S.C. §§ 2241 and 2255. The defendant did not waive the right to raise a challenge based on ineffective assistance of counsel and prosecutorial misconduct;

5. The defendant's plea was made freely and voluntarily;

6. The defendant is competent to enter this plea of guilty; and

7. There is a factual basis for this plea.

8. The defendant has reviewed the plea agreement carefully with the defendant's attorney. The defendant further advised that the defendant understands the plea agreement and agrees to be bound by the plea agreement.

9. **NOTE:** The defendant's attorney, Laurie L. York, participated in the hearing telephonically pursuant to her request. Dkt. #25. The defendant was advised of his right to have counsel physically present but knowingly and intelligently waived that right in lieu of counsel's participation by telephone.

## RECOMMENDATION

The Magistrate Court **RECOMMENDS** the District Court accept the defendant's guilty plea and, after reviewing the pre-sentence investigation report, enter a Final Judgment of guilt against him.

## WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained within this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472–74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on May 5, 2020.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE